ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN SENTERFITT LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
ariel.stern@akerman.com

MARIA T. VULLO
(*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 575-3990
mvullo@paulweiss.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex. rel.*, <br><br> Plaintiff, <br><br> JAMES R. ADAMS and PUOY K. PREMSRIRUT, <br><br> Relators, <br><br> vs. <br><br> AURORA LOAN SERVICES, LLC, et al., <br><br> Defendants. | Case No.:  2:11-cv-00535-RCJ-PAL <br><br> **JOINT MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY** |

Defendants Aurora Loan Services LLC; BAC Home Loans Servicing LP; Bank of America, N.A.; CitiMortgage, Inc.; Countrywide Home Loans, Inc.; JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance LLC; EMC Mortgage LLC (f/k/a EMC Mortgage Corporation); Nationstar Mortgage LLC; Ocwen Loan Servicing LLC; OneWest Bank, FSB; PHH Mortgage Corp.; U.S. Bank National Association; and Wells Fargo Bank, N.A. (the **Defendants**) jointly move the Court pursuant to FED. R. CIV. P. 26(c) for a protective order staying

{26302090;1}                                                        1

discovery pending a ruling on their motion [Dkt. No. 100] to dismiss Relators' third amended complaint (the **TAC**).

## EFFORTS TO MEET AND CONFER

On April 15, 2013, Defendants filed a joint motion to dismiss, which shows, *inter alia*, that the Court lacks jurisdiction over Relators' case, that Relators failed to state a viable claim for relief under the federal False Claims Act (**FCA**), and that Relators have not pled their case with the particularity required by Rule 9(b). Defendants therefore seek a protective order staying discovery until the Court decides their motion to dismiss. Because Defendants had not been contacted by Relators' counsel regarding discovery, counsel for Defendants repeatedly attempted to contact Relators' counsel to discuss Relators' views as to such stay. Decl. of Ariel Stern, Esq, attached as **Exhibit A**, at ¶ 2. On April 24, 2013, a meet-and-confer call was held among Leslie Bryan Hart and Ariel Stern, Nevada counsel for two of the Defendants; relators James Adams and Puoy Premsrirut; and their counsel, Sigal Chattah. *Id.* at 3. During the meet-and-confer call, Hart and Stern requested Relators' consent to a stipulated discovery stay on behalf of all defendants, but Relators declined. Relaters informed Hart and Stern that they foresee lengthy discovery, including voluminous documentary discovery and hundreds of depositions. *Id.* at ¶ 4. In particular, Relators anticipate noticing 100 "PMK" depositions. *Id.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This Court has broad and inherent discretion to stay discovery pending the resolution of a threshold motion to dismiss. Simply put, the question is "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *U.S. ex rel. Howard v. Shoshone Paiute Tribes*, No. 10-01890, 2012 U.S. Dist. LEXIS 8455, at *11 (D. Nev. June 19, 2012) (Leen, M.J.) (citing FED. R. CIV. P. 1); *Tradebay, LLC v. EBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (Leen, M.J.) (same). Defendants submit that a stay of discovery is by far the "more just" result.

**First**, as Defendants demonstrated in their joint motion to dismiss, the Court lacks jurisdiction, both because it lacks subject matter jurisdiction under the public disclosure provision of the FCA and because Relators did not serve a valid complaint. A discovery stay is appropriate in light of these jurisdictional problems. Subject matter jurisdiction is at the heart of a federal court's authority to act. When jurisdiction is lacking, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1988). Because the Court lacks subject matter jurisdiction, and the parties are not properly before it, discovery cannot proceed under its auspice.

**Second**, as Defendants demonstrated in their joint motion to dismiss, Relators have failed to establish a viable cause of action under the FCA. Relators base their putative FCA cause of action on claims allegedly submitted to, and payments allegedly made by, two private corporations—Fannie Mae (**Fannie**) and Freddie Mac (**Freddie**). The FCA does not even apply to transactions involving Fannie or Freddie, for neither are part of the federal government. Further, Relators have not even identified which subsection of the FCA they purport to invoke, let alone pled facts establishing a violation of any of 31 U.S.C. §§ 3729(a)(1)(A), (a)(1)(B), or (a)(1)(G). Nor have they pled facts establishing falsity within the meaning of the FCA, a plausibly fraudulent course of conduct, or the requisite scienter. These arguments are dispositive of the entire case, and a stay of discovery should be entered as a result.

**Third**, the TAC is hopelessly vague, and it comes nowhere close to providing the particularity required by Rule 9(b). Apart from a handful of what Relators term "representative examples" as to only a few of the defendants, the TAC contains no specific allegations—even though it claims a nationwide conspiracy involving 16 financial institutions and countless third parties. Allowing immediate discovery would simply sanction a fishing expedition—by Relators' own description, they intend to take years' worth of discovery, including voluminous documentary discovery and more than 100 depositions—based on threadbare allegations on a case that the United States, the ostensible plaintiff, declined to pursue. That is precisely what Rule 9(b) was intended to preclude—the rule is supposed "to prohibit plaintiffs from unilaterally imposing upon the court, the

{26302090;1}                                                  3

parties and society enormous social and economic costs absent some factual basis." *U.S. ex rel. Lee v. Smithkline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001).

**Fourth**, additional equitable considerations cut in favor of a stay.  Relators' case is based entirely on transactions involving Fannie and Freddie, which are private corporations not before the Court.  *See* TAC ¶ 110.  Relators' allegations primarily implicate certain homeowners' associations (**HOAs**) and debt collectors that allegedly presented demands to Fannie and/or Freddie.  *See* TAC ¶¶ 51-52.  Relators' allegations also involve certain "escrow offices" that allegedly recorded those demands onto settlement statements used when Fannie or Freddie sold properties to certain "third-party buyers."  *Id.* ¶¶ 67-9, 71.  Like Fannie and Freddie, the unidentified HOAs, the unidentified debt collectors, the unidentified escrow offices, and the unidentified buyers are not before the Court.  All of those absent third parties will be burdened if discovery should proceed in this case.

**Finally**, a stay of discovery is appropriate in this inordinately complex litigation, and will not prejudice Relators.  Relators consumed 268 days doing nothing whatsoever to advance this case.  Nor did they pursue discovery once the litigation was commenced; they instead waited until they were approached *by Defendants* before even suggesting that immediate discovery was necessary.  In such circumstances, it is all the more appropriate for the Court to stay discovery until it rules on the motion to dismiss.  By granting a protective order, the Court can spare itself, the parties, and numerous absent third-parties the burden and expense of massive, nationwide, multi-party discovery on a complaint it will likely dismiss.

## II

## BACKGROUND

**A.    Procedural Posture.**

Relators commenced this lawsuit on April 8, 2011.  *See* Dkt. No. 1 (Compl.).  They sued more than 1,200 HOAs and debt collectors for violating the FCA by allegedly demanding excessive payoff amounts from Fannie and Freddie.  *Id.* ¶¶ 139-46.  Relators amended their complaint on July 29, 2011 to add new allegations accusing mortgage loan servicers of violating their contracts with Fannie and Freddie.  *See* Dkt. No. 10 (First Am. Compl. (**FAC**)), ¶¶ 6(C), 43-61, 153-61.

In April 2012, the Department of Justice declined to intervene in Relators' claims and the Court unsealed the case. *See* Dkt. No. 24 (Order, Apr. 23, 2012). Two hundred sixty-eight days later, Relators changed the nature of the action by voluntarily dismissing all of the HOAs. *See* Dkt. No. 39 (Stipulation, Jan. 16, 2013); Dkt. No. 40 (Notice of Voluntary Dismissal, Jan. 16, 2013). Two days after that, Relators filed second and third amended complaints without seeking leave from the Court or consent from Defendants. *See* Dkt. No. 42 (Second Am. Complaint, Jan. 18, 2013); Dkt. No. 43 (TAC, Jan. 18, 2013).

Relators purported to complete service of their TAC by January 25, 2013. *See* Dkt. No. 65. All of the Defendants appeared during the week of February 11, 2013 for the purpose of obtaining an extension of their deadlines for a responsive pleading. *See* Dkt. Nos. 66, 68, 72, 73. On April 15, 2013, the Defendants timely filed a joint motion to dismiss for want of jurisdiction, for want of any particularized allegations, and for failure to state a claim. *See generally* Dkt. No. 100-1. Not having heard from Relators regarding discovery, counsel for Defendants reached out to counsel for Relators several times by phone without success, culminating in an email on April 19, 2013. *See* Exhibit A, ¶ 2. A meet and confer occurred on April 24, 2013, during which Relators and their counsel refused to stay discovery and proposed instead to take enormous amounts of discovery, including more than a hundred depositions. *See id.* ¶¶ 3-4. This joint motion for a protective order staying all discovery followed.

**B.     Relators' Allegations**

The TAC consists of 113 paragraphs, and almost half are devoted to background. The topics discussed include Fannie and Freddie's conservatorship under the Federal Housing Finance Agency, *see* TAC ¶¶ 9-16; Relators' understanding of the market for mortgage backed securities, *see id.* ¶¶ 17-25; their understanding of short sales, foreclosures, and real-estate owned (*i.e.*, post-foreclosure or "REO") sales, *see id.* ¶¶ 26-35; and their unsupported and un-cited description of the contents of Fannie's and Freddie's servicing contracts, *see id.* ¶¶ 36-49. Relators do not begin to address alleged violations of the FCA until paragraph 50.

Relators' effort to plead a violation of the FCA starts by asserting that "[i]n each instance relevant hereto an HOA or its collection agent or law firm cause to have a demand made or lien filed

{26302090;1}                                                    5

for" excessive HOA amounts. *Id.* ¶ 51. Those "HOA payment demand[s]," *id.* ¶ 69, allegedly are incorporated by an "escrow office" onto the "settlement statement," *id.* ¶ 71, prepared when Fannie and Freddie sell properties to third-party buyers, *id.* ¶¶ 69-79. However, aside from a handful of boilerplate examples, Relators provide no particulars regarding the "thousands" of transactions allegedly as issue. *Id.* ¶ 81. They do not identify the HOAs, collection agents, law firms, or escrow offices involved. They assert nationwide wrongdoing without attempting to account for variations in state statutes. They provide no time frame for their allegations. And they simply lump all sixteen Defendants—each a distinct corporation—without identifying a single individual involved in the alleged wrongdoing. Relators offer no particulars in support of their allegations against Defendants because they cannot. Relators are strangers who claim no personal knowledge of Defendants' operations, or those of Fannie or Freddie.

## C. Defendants' Arguments In Support Of Dismissal.

Defendants have sought dismissal on a number of dispositive grounds. **First**, Relators served only a legally-inoperative, unauthorized amended complaint, which is defective service. In the absence of service of a valid summons and valid complaint, the Court lacks jurisdiction to proceed. *See* Mem. in Support of Defendants' Joint Mot. to Dismiss (**Mem.**), Dkt. No. 100-1, at 7-9.

**Second**, the Court lacks subject matter jurisdiction under 31 U.S.C. § 3730(e)(4), the FCA's public disclosure bar. The TAC merely echoes prior public disclosures, and the United States declined to intervene. When the government declines to prosecute an FCA case that is based on publicly-disclosed allegations, only an "original source" has standing. Relators are not original sources; they are strangers to the residential mortgage loan servicing industry and lack first-hand knowledge of the operations of Fannie, Freddie, or Defendants. *See* Mem. at 9-14.

**Third**, Relators' scant allegations do not state a viable claim for relief under the FCA. The FCA is only implicated when there is fraud on the government. Fannie and Freddie are private corporations, and the FCA does not apply to their mortgages or contracts. *See* Mem. at 24-29. But even if the FCA did apply, Relators do not identify the statutory provision on which they purport to rely, much less plead facts establishing a cause of action under any subsection of the FCA. *See* Mem. at 29-32. They also have not demonstrated that any claims submitted to Fannie or Freddie

were false within the meaning of the FCA, *see* Mem. at 32-35, that any Defendant engaged in a plausibly fraudulent course of conduct, *see id.* at 35-37, or that any Defendant acted with the scienter necessary to violate the FCA, *see id.* at 38-40.

**Finally**, Relators failed to plead their case with the particularity required by Rule 9(b). They did not provide the particular details—the who, what, when, where, or how—of any alleged scheme to defraud. Nor have they alleged the requisite "reliable indicia" giving rise to a "strong inference" that any of the Defendants violated the FCA. Their vague and conclusory allegations fall far short of the particularity required under Rule 9(b). *See* Mem. at 14-24.

Despite the many defects in the TAC that require its dismissal, Relators seek immediate and extremely burdensome discovery. Their allegations, which are undefined in terms of geography and time period, cover "thousands" of transactions, and Relators intend to seek *hundreds* of person most knowledgeable depositions – not to mention an unknown number of depositions of fact witnesses. In addition, and importantly, this case will necessarily involve significant third-party discovery, given the TAC's allegations that purported victims of the alleged fraud were two entities – Fannie and Freddie – who are not parties to this case. Accordingly, Relators' ambit for discovery on their fatally flawed claims will unduly burden not only the 16 defendants named in this action, but also third parties.

### III

### LEGAL ARGUMENT

**A.  The Court Should Resolve Whether it has Jurisdiction Before the Parties Engage in Discovery**

Before the Court permits discovery, it should first resolve whether it even has jurisdiction to hear this case. "Questions of jurisdiction, of course, should be given priority – since if there is no jurisdiction there is no authority to sit in judgment of anything else." *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 778 (2000); *see also Wang v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("We must examine whether [the relator's] claims are blocked by the jurisdictional bar of section 3730(e)(4) *before* we can consider any other question") (emphasis in original).

In *Steel Company*, the Supreme Court reversed the Ninth Circuit's "assuming jurisdiction" approach for the purpose of deciding the merits under the "doctrine of hypothetical jurisdiction," holding:

> We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." . . . The requirement that jurisdiction be established *as a threshold matter* "spring[s] from the nature and limits of the judicial power of the United States" and is "*inflexible and without exception*."

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1988) (citations omitted) (emphasis added). Because of its fundamental importance, an inquiry into the plaintiff's standing is a threshold question that must be resolved before proceeding to the merits of a case. *Id*. This is true not only as to substantive issues, but also as to discovery. As the Supreme Court has held, "[I]f a district court does not have subject matter jurisdiction over the underlying action," a discovery process that is "not issued in aid of determining this jurisdiction" is "void." *U.S. Catholic Conference v. Abortion Rights Mobilization Inc.*, 487 U.S. 72, 76 (1988). For example, a subpoena served on a third party – such as is likely to happen in discovery in this case – would be void if the Court lacks jurisdiction. *Id*.

For these reasons, courts routinely postpone merits discovery until they can determine whether subject matter jurisdiction exists. *See, e.g., U.S. ex rel. Glaser v. Wound Care Consultants, Inc.*, No. 05-573, 2007 WL 2934885, at *1 (S.D. Ind. Oct. 5, 2007) (postponing merits discovery until court decided whether it had jurisdiction under the FCA's public disclosure rule); *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (district court did not abuse its discretion in staying discovery pending disposition of motion to dismiss for lack of subject matter jurisdiction, where the discovery sought was not relevant to the jurisdictional issue); *Izumi v. Cox Commc'ns Las Vegas, Inc.*, No. 11-00803, 2011 WL 3875343, at *2 (D. Nev. Aug, 31, 2011) (staying discovery, and emphasizing that "[w]hether a federal court has jurisdiction to hear a case is an important preliminary issue that generally warrants a stay"); *Constr. Laborers Trust Funds for So. Cal. Admin. Co. v. Martinez Landscape Co., Inc.*, 218 F. App'x 631, 632 (9th Cir. 2007) (district court postponed discovery pending resolution of a dispute about subject matter jurisdiction); *Zapata*

*v. Flintco, Inc.*, No. 09-03555, 2010 WL 3954929, at *2 (E.D. Cal. Oct. 8, 2010) (same); *Tobar v. U.S.*, No. 07-817, 2007 WL 3333114, at *1 (S.D. Cal. Nov. 7, 2007) (same); *Getz v. Boeing Co.*, No. 07-6396, 2008 WL 2705099, at *1 n.1 (N.D. Cal. Jul. 8, 2008) (same). As this Court has noted, "a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when *jurisdiction, venue, or immunity are preliminary issues*." *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (emphasis added). Moreover, where a relator intends to serve "extensive and . . . burdensome" merits discovery, it is "***particularly appropriate*** to postpone such . . . discovery until after the Court has determined that the Relator has the authority to bring the asserted claims" under the FCA's public disclosure rule. *U.S. ex rel. Glaser v. Wound Care Consultants, Inc.*, No. 05-573, 2007 WL 2934885, at *1 (S.D. Ind. Oct. 5, 2007) (emphasis added).

Here, Defendants have challenged Relators' standing under the FCA. The FCA states that courts "*shall* dismiss" any *qui tam* "action or claim" if "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . unless . . . the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4) (emphasis added). Known as the "public disclosure bar," this rule draws the line between those who do and do not deserve to represent the United States. *See U.S. ex rel. Biddle v. Bd. of Trs. of the Leland Stanford, Jr. Univ.*, 161 F.3d 533, 539 (9th Cir. 1998) ("where the allegations of the fraud are already public knowledge, the relator confers no additional benefit upon the government by subsequently repeating [those] fraud allegations in his complaint"). And that line, drawn by Congress, limits the court's subject matter jurisdiction to entertain *qui tam* cases. *See Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 951 (1997); *U.S. ex rel. Bly-Magee v. Premo*, 470 F.3d 914, 916 (9th Cir. 2006); *U.S. ex rel. Osheroff v. Humana, Inc.*, No. 10-24486, 2012 U.S. Dist. LEXIS 139949, at *17-18 (S.D. Fla. Sept. 28, 2012). As demonstrated in detail in the motion to dismiss, prior public disclosures clearly occurred here; Relators are not original sources. The Court therefore lacks subject matter jurisdiction and is left with no power other than "announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1988).

In addition, Relators failed to properly serve Defendants with the legally-operative

1 complaint.[1] Serving an unauthorized amended complaint is not proper service. In addition, the
2 deadline to effectuate service expired on January 28, 2013, and Relators can no longer timely serve.
3 In the absence of valid service, the Court lacks jurisdiction to proceed. *See Direct Mail Specialists,*
4 *Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

5 The Court should resolve these challenges before it permits Relators to use its discovery rules
6 and powers for a fishing expedition involving thousands of documents and hundreds of depositions,
7 including subpoenas and depositions to Fannie, Freddie, and other third parties. The power to stay
8 discovery proceedings is an incident of the well-recognized "power inherent in every court to control
9 the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and
10 for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court has "wide discretion
11 in controlling discovery," and its decision will not be overturned absent a clear abuse of discretion.
12 *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "In exercising that discretion, a court
13 may relieve a party of the burdens of discovery while a potentially dispositive motion is pending."
14 *Kuzova v. U.S. Dep't of Homeland Sec.*, No. 10-01711, 2011 WL 3422777, at *1 (D. Nev. Aug. 3,
15 2011) (citing *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997)).
16 Where the burdens of proposed discovery are extreme and the Court's jurisdiction is in doubt, a stay
17 of discovery is more than warranted.

18 **B.     Relators are Not Entitled to Discovery on Their Deficient Claims**

19 Even where the court's jurisdiction is not disputed, district courts have broad discretion to
20 stay discovery. The Supreme Court has recognized that discovery should not be permitted until a
21 plaintiff has stated a viable cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Rule 8
22 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior
23 era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than
24 conclusions."). And the Ninth Circuit has found that, when faced with a motion to dismiss, the

---

[1] Pursuant to Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course." If a party wishes to amend its complaint after amending it once as a matter of course, it must obtain "the opposing party's written consent or the court's leave." Rule 15(a)(2). Here, Relators filed the SAC and the TAC without the requisite consent or leave, rendering both documents null and void. *See, e.g., Hard Drive Prods. v. Doe*, No. 11-03826, 2012 U.S. Dist. LEXIS 130351, at *8 (N.D. Cal. Sept. 13, 2012) ("If a party cannot amend a pleading as of right, and files it without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect.").

{26302090;1}                                            10

"sounder practice [is] to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). The *Rutman* court also stated that the "purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id*.

Staying discovery in this action is appropriate given the high probability that Defendants will prevail on their motion to dismiss. *See Clemons v. Hayes*, No. 10-011, 2011 WL 2112006, at *4 (D. Nev. May 26, 2011) (granting motion to stay discovery where it appeared "unlikely" that the plaintiff's claim would survive a motion to dismiss); *Buckwalter v. Nev. Bd. of Med. Exam'rs*, No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *3 (D. Nev. Mar. 7, 2011) (finding that "it appears probable" that the defendant's motion to dismiss would be granted and therefore staying discovery). As detailed in Defendants' motion to dismiss, Relators' claims are deficient both because they fail to state a claim upon which relief can be granted and they fail under the pleading standard of Rule 9 for fraud claims .

**1.   A dispositive motion under Rule 12(b)(6) also justifies a stay of discovery.**

Relators failed in every respect to plead a viable claim for relief under the FCA. As painstakingly detailed in the motion to dismiss, the TAC substantively fails for several reasons.

**First**, the FCA does not apply to the private mortgages or contracts described by Relators. Fannie and Freddie are private corporations – not part of the federal government. *See, e.g.*, 12 U.S.C. § 1716b; *Nev. ex rel. Hager v. Countrywide Home Loans Serv., LP*, 812 F. Supp. 2d 1211, 1217 (D. Nev. 2011) ("Fannie Mae is a private, for-profit entity, that is owned by its private shareholders"); *Am. Bankers Mortgage Corp. v. Freddie Mac*, 75 F.3d 1401, 1409 (9th Cir. 1996) ("Freddie Mac is not a government agency. . . ."). *See also U.S. ex rel. Howard v. Shoshone Paiute Tribes*, No. 10-01890, 2012 U.S. Dist. LEXIS 8455, at *11 (D. Nev. June 19, 2012).

**Second**, Relators have not even identified the specific provision of the FCA that Defendants allegedly violated. At no point do Relators plead facts showing that Defendants violated any provision of the FCA.

**Third**, Relators have not alleged facts demonstrating that any of the claims at issue were

{26302090;1}                                              11

false within the meaning of the FCA.

**Fourth**, Relators also do not describe a fraudulent course of conduct by Defendants, which is another essential element of any claim under the FCA, much less an alleged fraud that is plausible within the meaning of Rule 12(b)(6).

**Fifth**, Relators have not alleged facts demonstrating *scienter*. *See U.S. v. Barker*, 967 F.2d 1275, 1278 (9th Cir. 1991) ("a claim must not only be inaccurate but consciously so"); *Wang v. FMC Corp.*, 975 F.2d 1412, 1421 (9th Cir. 1992) (the FCA requires "a lie").

Each of these pleading failures demonstrates that Relators' claims fail as a matter of law. None of those failures raise issues on which discovery is necessary, and it likely that Relators' case will be dismissed. *Buckwalter v. Nev. Bd. of Med. Exam'rs*, No. 10-02034, 2011 WL 841391, at *3 (D. Nev. Mar. 7, 2011). Moreover, Defendants' motion, if granted, will dispose of all claims against Defendants. As this Court has indicated, when a pending motion is "potentially dispositive of the entire case," "raises no factual issues[,] . . . and will be decided purely on issues of law," Rule 1 is best served by "a stay of discovery." *U.S. ex rel. Howard v. Shoshone Paiute Tribes*, No. 10-01890, 2012 U.S. Dist. LEXIS 8455, at *11 (D. Nev. June 19, 2012) (Leen, M.J.) (citing FED. R. CIV. P. 1); *Tradebay, LLC v. EBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (Leen, M.J.) (same). Similarly, other courts have found that "stays [of discovery] are often deemed appropriate where the motion to dismiss can resolve the case." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005); *see also Institut Pasteur v. Chiron*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (it is "well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the complaint is pending") (internal quotations omitted). Rather than impose on the parties the substantial time and expense of conducting discovery on causes of action that will likely be dismissed, and burden the Court with resolving discovery disputes in connection with this action, the "sounder practice," *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987), is to stay discovery until the Court decides the joint motion to dismiss.

## 2. Where a motion to dismiss identifies a complaint as deficient under Rule 9(b), discovery should be stayed pending a ruling on the motion.

"Complaints brought under the FCA must fulfill the requirements of Rule 9(b)." *U.S. ex rel. Lee v. Smithkline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001). The requirement is intended "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001); *accord Nev. ex rel. Hager v. Countrywide Home Loans Serv., LP*, 812 F. Supp. 2d 1211, 1218 (D. Nev. 2011) ("a plaintiff must . . . give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong"); *U.S. ex rel. Harrington v. Sisters of Providence in Or.*, No. 98-1587, 2001 U.S. Dist. LEXIS 22321, at *7-8 (D. Or. Dec. 19, 2001) (using a *qui tam* suit "to uncover suspected acts of fraud . . . is anathema to the purposes of Rule 9(b)"). Accordingly, every relator must plead "'particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted.'" *Ebeid ex rel. U.S. v. Lungwitz,* 616 F.3d 993, 998-99 (9th Cir. 2010) (quoting *U.S. ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)).

Relators plainly fail that standard. Relators merely suggest generalized schemes to defraud, but that "is not enough to require an answer." *U.S. ex rel. Cericola v. Fannie Mae*, 529 F. Supp. 2d 1139, 1146 (C.D. Cal. 2007). Relators have not alleged the "particular details" of their alleged schemes. Relators have not alleged any "reliable indicia" supporting a "strong inference" that false claims were submitted. As to four of the defendants, they identify only a handful of transactions, and only one as to three of those four. As to the other 12, Relators have done *nothing* other than name those defendants in the caption. In short, Relators utterly failed to comply with Rule 9(b). Because Relators have not complied with the requirements of Rule 9(b), the Court should stay discovery pending resolution of Defendants' motion to dismiss.

**C.   This Court Should Stay Discovery Under These Circumstances, Where Doing So Would Protect the Interests of Non-Parties that Would be Subject to Discovery and Advance Judicial Economy**

The Ninth Circuit has affirmed stays of discovery in cases like this one where a stay would prevent excessive cost and burden and enhance judicial economy. *Rutman Wine Co.*, 829 F.2d at 738; *B.R.S. Land Investors*, 596 F.2d 353, 356 (9th Cir. 1979); *Wood v. McEwan*, 644 F.2d 797, 801-02 (9th Cir. 1981) (affirming stay of discovery pending ruling on a Rule 12(b)(6) motion to dismiss). Other courts agree. *See, e.g., In re Graphics Processing Units Antitrust Litig.*, No. 06-07417, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007) (reasoning that "allowing discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*, at least when the discovery would be burdensome"). The scope of Relators' claims alleged against 16 defendants guarantees that discovery will be burdensome and time-consuming. By their own statement, Relators intend to take over 100 depositions, including 100 "PMK" depositions.[2] *See* Exhibit A at ¶ 4. Since there are only 16 defendants, Relators clearly intend to burden dozens of non-parties with at least depositions under Rule 30(b)(6). While Relators' discovery plans have not been disclosed in detail, it seems obvious that Freddie and Fannie will be the subject of considerable discovery because those companies hold the relevant records, and employ the individuals with the relevant knowledge, regarding the sales and payments alleged by Relators. Other third parties with relevant, discoverable information include the HOAs and debt collectors whom Relators allege to be principally responsible for the events at issue in this case, *see* TAC ¶¶ 51-52, the escrow offices responsible for preparing the allegedly false settlement statements, *see id.* ¶¶ 69, 71, as well as the investors or other purchasers who bought the properties, *see id.* ¶ 67. All of the above would unnecessarily be burdened with third party discovery if a stay were not issued.

Judicial economy would still favor a discovery stay even if it were known that some part of the TAC would survive the motion to dismiss. The 113-paragraph TAC is Relators' *fourth* attempt to state a cause of action under the FCA, and they still missed the mark. Even if the Court does not

---

[2] In this context, "PMK" refers to "person most knowledgeable" and is a reference to deposition practice under Rule 30(b)(6).

{26302090;1}                                    14

dismiss the TAC in its entirety with prejudice, it is likely that only a portion of the claims will survive. The discovery Relators intend to pursue is broad, excessive, and disproportional to the claims—if any—that are likely to survive the motion to dismiss. Requiring discovery before the motion to dismiss is granted would merely sanction an impermissible fishing expedition. *See Milazzo v. Sentry Ins. Co.*, 856 F.2d 321, 322 (1st Cir. 1988) ("Discovery is not a 'fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed."); *Micro-Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990). Unless and until the Court determines that any claims against Defendants can survive dismissal, discovery should be stayed.

### D. A Discovery Stay Is Well Within The Court's Discretion to Ensure Proper Adjudication of Complex Litigation And Will Not Prejudice Relators

This Court has broad discretion to stay proceedings in order to control its docket and ensure proper adjudication of complex litigation. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Here, the Court faces a complicated *qui tam* action against 16 defendants, alleging broad FCA violations by many servicers, in many different jurisdictions, and involving two non-parties. The Court can best preserve judicial economy and control this complex case by first considering whether it has jurisdiction to hear this matter and whether discovery can validly proceed on an improper complaint that is a "nullity" as a matter of law. The Court should then determine whether Relators' claims can survive a motion to dismiss. Until the Court makes these decisions, it should stay discovery. Neither Relators nor any other parties will be prejudiced by this approach. In particular, Relators cannot claim prejudice from a discovery stay. Relators waited 268 days after the Court unsealed the FAC before taking any action. That action was filing unauthorized amended complaints, following which Defendants—not Relators—first raised the issue of discovery planning and a discovery stay. *See* Exhibit A at ¶ 2. In brief, Relators have been dilatory at all fronts in this litigation, including their obligation to move forward with discovery. They would not be prejudiced by a stay pending resolution of the motion to dismiss.

# IV.
# CONCLUSION

For the reasons discussed above, a discovery stay is appropriate.

DATED this 26th day of April, 2013.

| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **AKERMAN SENTERFITT LLP** |
|---|---|
| /s/ Maria T. Vullo<br>Maria T. Vullo (*pro hac vice*)<br>(212) 373-3346 (t)<br>mvullo@paulweiss.com<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br><br>*Counsel for CitiMortgage, Inc.* | /s/ Ariel Stern<br>Ariel Stern (SBN 8276)<br>(702) 634-5001 (t)<br>ariel.stern@akerman.com<br>1160 Town Center Drive, Ste. 330<br>Las Vegas, NV  89144<br><br>*Counsel for CitiMortgage, Inc.* |
| **SIDLEY AUSTIN LLP**<br><br>/s/ Douglas A. Axel<br>Douglas A. Axel (*pro hac vice*)<br>(213) 896-6035 (t)<br>daxel@sidley.com<br>555 West Fifth Street<br>Los Angeles, CA  90013<br><br>Mark P. Guerrera<br>(*pro hac vice* application pending)<br>(202) 736-8580 (t)<br>mguerrera@sidley.com<br>Sean C. Griffin<br>(*pro hac* application forthcoming)<br>(202) 736-8107 (t)<br>sgriffin@sidley.com<br>1501 K Street, NW<br>Washington, DC  20005<br><br>*Counsel for Countrywide Home Loans, Inc.* | **LIONEL SAWYER & COLLINS**<br><br>/s/ Leslie Bryan Hart<br>Leslie Bryan Hart (SBN 4932)<br>(775) 788-8650 (t)<br>lhart@lionelsawyer.com<br>1100 Bank of America Plaza<br>50 West Liberty Street<br>Reno, NV  89501<br><br>*Counsel for Countrywide Home Loans, Inc.* |

{26302090;1}

16

| **SNELL & WILMER LLP**<br><br>/s/ Amy F. Sorenson<br>Amy F. Sorenson (SBN 12495)<br>(801) 257-1907 (t)<br>asorenson@swlaw.com<br>15 W. South Temple, Ste. 1200<br>Salt Lake City, UT 84101<br><br>Brian Reeve (SBN 10197)<br>(702) 784-5219 (t)<br>breeve@swlaw.com<br>3883 Howard Hughes Parkway, Ste. 1100<br>Las Vegas, NV 89169<br><br>*Counsel for Wells Fargo Bank, N.A* | **BRACEWELL & GIULIANI LLP**<br><br>/s/ Rachel B. Goldman<br>Rachel B. Goldman (*pro hac vice*)<br>(212) 508-6135 (t)<br>rachel.goldman@bgllp.com<br>David A. Shargel (*pro hac vice*)<br>(212) 508-6154 (t)<br>david.shargel@bgllp.com<br>1251 Avenue of the Americas<br>New York, NY 10020<br><br>Kent F. Larsen (SBN 3463)<br>Smith, Larsen & Wixom<br>Hills Center Business Park<br>1925 Village Center Circle<br>Las Vegas, NV 89134<br>(702) 252-5002 (t)<br>kfl@slwlaw.com<br><br>*Counsel for JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance LLC, and EMC Mortgage LLC (f/k/a EMC Mortgage Corporation)* |
|---|---|
| **GREENBERG TRAURIG, LLP**<br><br>/s/ Mark. E Ferrario<br>Mark E. Ferrario (SBN 1625)<br>(702) 792-3773 (t)<br>ferrariom@gtlaw.com<br>Brandon E. Roos (SBN 7888)<br>(702) 792-3773 (t)<br>roosb@gtlaw.com<br>Jack Burns (SBN 12340)<br>(702) 792-3773 (t)<br>burnsjf@gtlaw.com<br>3773 Howard Hughes Pkwy., Ste. 400 North<br>Las Vegas, NV 89169<br><br>*Counsel for PHH Mortgage Corp.* | **LOCKE LORD LLP**<br><br>/s/ P. Russell Perdew<br>P. Russell Perdew (*pro hac vice*)<br>(312) 443-1712 (t)<br>rperdew@lockelord.com<br>J. Matthew Goodin (*pro hac vice*)<br>(312) 443-0472 (t)<br>jmgoodin@lockelord.com<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br><br>*Counsel for Aurora Loan Services LLC and US Bank National Association* |
| **DUANE MORRIS LLP**<br><br>/s/ Ryan A. Loosvelt<br>Ryan A. Loosvelt (SBN 8550)<br>(702) 868-2652 (t)<br>rloosvelt@duanemorris.com<br>100 North City Pkwy., Ste. 1560<br>Las Vegas, NV 89106<br><br>*Counsel for US Bank National Association* | **CARBAJAL & MCNUTT LLP**<br><br>/s/ Dan McNutt<br>Dan McNutt (SBN 7815)<br>(702) 384-1170 (t)<br>drm@cmlawnv.com<br>625 South Eighth Street<br>Las Vegas, NV 89101<br><br>*Counsel for OneWest Bank, FSB* |

**AKERMAN SENTERFITT LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

| **LEWIS AND ROCA LLP**<br><br>/s/ Christopher Jorgensen<br>Christopher Jorgensen (SBN 5382)<br>(702) 474-2642(t)<br>CJorgensen@lrlaw.com<br>3993 Howard Hughes Pkwy., Ste. 600<br>Las Vegas, NV  89169<br><br>*Counsel for BAC Home Loans Servicing LP; Bank of America, N.A.* | **MUNGER, TOLLES & OLSON LLP**<br><br>/s/ Marc T.G. Dworsky<br>Marc T.G. Dworsky<br>(*pro hac vice* application forthcoming)<br>(213) 683-9256 (t)<br>marc.dworsky@mto.com<br>Carl H. Moor<br>(*pro hac vice* application forthcoming)<br>(213) 683-9247 (t)<br>carl.moor@mto.com<br>355 S. Grand Avenue, 35th Fl.<br>Los Angeles, CA  90071<br><br>Blanca F. Young<br>(*pro hac vice* application forthcoming)<br>(415) 512-4019 (t)<br>blanca.young@mto.com<br>560 Mission Street, 27th Fl.<br>San Francisco, CA  94105<br><br>*Counsel for BAC Home Loans Servicing LP; Bank of America, N.A.* |
|---|---|
| **GLASER WEIL FINK JACOBS HOWARD AVCHEN & SHAPIRO LLP**<br><br>/s/ Paul Salvaty<br>Paul Salvaty<br>(*pro hac vice* application forthcoming)<br>(310) 282-6280 (t)<br>psalvaty@glaserweil.com<br>Gali Grant<br>(*pro hac vice* application forthcoming)<br>(310) 282-6291)<br>gbenami@glaserweil.com<br>10250 Constellation Blvd., 19th Fl.<br>Los Angeles, CA 90067<br><br>*Counsel for OneWest Bank, FSB* | **BALLARD SPAHR LLP**<br><br>/s/ Abran E. Vigil<br>Abran E. Vigil (SBN 7548)<br>(702) 471-7000 (t)<br>vigila@ballardspahr.com<br>Edward Chang (SBN 11783)<br>(702) 471-7000 (t)<br>change@ballardspahr.com<br>100 North City Parkway, Ste. 1750<br>Las Vegas, NV  89106<br><br>Martin C. Bryce, Jr.<br>(*pro hac vice* application forthcoming)<br>(215) 665-8500 (t)<br>bryce@ballardspahr.com<br>1735 Market Street, 51st Fl.<br>Philadelphia, PA  19103<br><br>*Counsel for Nationstar Mortgage LLC* |

{26302090;1}


| WOLFE & WYMAN LLP | HOUSER & ALLISON, APC |
|---|---|
| /s/ Christopher A. Turtzo<br>Christopher A. Turtzo (SBN 10253)<br>(702) 476-0100 (t)<br>caturtzo@wolfewyman.com<br>980 Kelly Johnson Drive, Ste. 140<br>Las Vegas, NV  89119<br><br>Colt B. Dodrill (SBN 9000)<br>(702) 476-0100 (t)<br>cbdodrill@wolfewyman.com<br>11811 N. Tatum, Ste. 3031<br>Phoenix, AZ  85028-1621<br><br>*Counsel for Aurora Loan Services LLC* | /s/ Daniel S. Ivie<br>Daniel S. Ivie (SBN 10090)<br>(702) 410-7593 (t)<br>divie@houser-law.com<br>3595 S. Town Center Drive, Ste. 105<br>Las Vegas, NV  89135<br><br>*Counsel for Ocwen Loan Servicing LLC* |

**AKERMAN SENTERFITT LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572