## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. James R. Adams et al., ) ) ) Plaintiff, ) ) vs. ) ) WELLS FARGO BANK NATIONAL ) ASSOCIATION et al., ) ) Defendants. ) | 2:11-cv-00535-RCJ-PAL<br><br>**ORDER** |

This is a federal qui tam action against various mortgage lenders and homeowner associations for violations of the False Claims Act ("FCA"). The Court previously dismissed as against two Defendants for failure to timely serve them and against all Defendants for failure to state a claim. The Court ruled that the lawsuit was not subject to the public disclosure bar because the news articles presented by Defendants post-dated the allegations made in the original Complaint, but that Federal National Mortgage Corp. and the Federal Home Loan Corp. (collectively, the "GSEs") were not "agencies, establishments, or instrumentalities" of the United States, so defrauding them (assuming Plaintiffs could state the elements of the statute) was not actionable under the False Claims Act (the "Act"). Specifically, the Court noted that there was conflicting case law in this Circuit on the issue, and to the extent the case law in Plaintiffs' favor controlled over the case law in Defendants' favor, it had been superseded by statute in 2008

when Congress unambiguously stripped the GSEs of any federal status they may have previously had.  The Court noted that Chief Justice Roberts himself had, when sitting on the Court of Appeals for the D.C. Circuit, clearly ruled that statutory language disclaiming federal status disqualified an organization as a proper plaintiff or relatee under the Act.  The present case is not distinguishable.  Plaintiffs have appealed.

In making its rulings, the Court also denied as moot a motion by Defendant Bank of America, N.A. ("BOA") to disqualify Relator Puoy Premsrirut.  BOA had alleged that Premsrirut filed the present action both as counsel and Relator while simultaneously representing BOA in another matter, contrary to Nevada Rule of Professional Conduct 1.7.  Premsrirut had withdrawn as counsel but remained as a Relator, thereby continuing to sue her client, BOA, directly.

BOA has asked the Court to reconsider disqualifying Premsrirut, because Premsrirut has filed an appeal.  No party has timely objected to the present motion, and objections are as of this writing almost two months late.  Premsrirut has therefore consented to the Court granting the motion. *See* L.R. 7-2(d).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 178) is GRANTED and Relator Premsrirut is DISQUALIFIED.

IT IS FURTHER ORDERED that the Motion to Withdraw (ECF No. 175) is GRANTED.

IT IS SO ORDERED.

Dated this 28th day of May, 2014.

_____
ROBERT C. JONES
United States District Judge